INHABITANTS OF NEW BRAINTREE *vs.* CONSTANT SOUTHWORTH.

On a contract to do certain work for two parties, one of them cannot have relief in equity against the contractor, without making the other a party, or stating an excuse for not doing so.

Under a contract with two towns to build a bridge between them for a certain sum to be paid by them, the remedy for a failure to make the bridge according to the contract, or for the recovery of .half of that sum, paid by one of the towns to the contractor upon his false representation that the other town had accepted and paid for their part of the bridge, is at law, and cannot be sought in equity by reason of the refusal of the other town to join in an action at law.

ACTION OF CONTRACT, with a prayer for relief in equity. The declaration set forth a contract in writing, made by the defendant on the first part, and three persons named, "selectmen of Hardwick," and three others, "selectmen of New Braintree," on the other part, by which the defendant agreed to build a bridge

across Ware River, between the towns of Hardwick and New Braintree, of good materials and in a workmanlike manner, on or before a day named; and "the said selectmen, in behalf of the aforesaid towns," agreed to pay to the plaintiff the sum of four hundred and eighty five dollars; and "to the true and faithful performance of the contract aforesaid the said Southworth on his part, and the said selectmen in behalf of· the aforesaid towns of Hardwick and New Braintree" set their hands, the selectmen signing their own names, adding only "selectmen of New Braintree," and "selectmen of Hardwick."

The declaration then alleged that the defendant did not build the bridge of ·good materials and in a workmanlike manner, but of such poor materials, and in so unskilful a manner, that the bridge was in a ruinous and unsafe condition, whereby the plaintiffs had suffered great damage; that the defendant, by false representations that the town of Hardwick had accepted and paid for their part of the bridge, (which they had in fact refused to do,) obtained from the selectmen of New Braintree, (who had previously refused to accept the bridge,) an order upon their treasurer for the payment of their half of the consideration money, which order was accepted by the treasurer and paid; that the town of Hardwick refused to join with the plaintiffs in an action at law to recover of the defendant damages for the breach of his agreement, the town of Hardwick not having paid their part of the consideration money, whereby the plaintiffs had not a plain, adequate and complete remedy at the common law; and· that these facts presented a case where there were more than two parties having distinct rights and interests, which could not be justly and definitively decided and adjusted in an action at the common law. Wherefore the plaintiffs prayed that the defendant might be compelled to pay back the money received of the plaintiffs, and to pay such other damages as the plaintiffs were entitled to have. -

The defendant demurred, and for causes of demurrer assigned that the plaintiffs had not, in their declaration, made or stated such a case as entitled them to the relief prayed for; and also that it appeared, by the declaration, that the inhabitants of

26 *

Hardwick were a necessary party to the suit, inasmuch as they were a party to the contract therein set forth, yet the plaintiffs had not made them a party.

*G. F. Hoar & W. S. Davis*, for the defendant.

*C. Allen & H. C. Rice*, for the plaintiffs.

SHAW, C. J. The court are of opinion that the demurrer is well taken in the present case, and must be sustained. It is a suit commenced under the new practice, (*St.* 1853, *c.* 371,) in which the plaintiffs declare as in an action of contract, to recover damages for the alleged breach of an executory agreement, and in terms broad enough to recover, as on an implied contract, for money had and received; and also praying relief, as in a suit in equity.

1. As a suit in equity, we think it cannot be sustained, because the town of Hardwick is not made a party, either plaintiff or defendant; whereas it appears by the declaration that they were a party to the contract, and are therefore *prima facie* a party to the suit, seeking a remedy in which both have an interest, unless they have severed by making a separate settlement with the defendant. The plaintiffs, instead of averring that fact as an excuse for not making them a party, deny the fact of such separate settlement, and state that the defendant's representation to that effect was untrue, and was one of the false representations by which the plaintiffs were deceived.

2. Nor would it be of any avail to the plaintiffs to amend and make the town of Hardwick a party, because the case does not disclose more than two parties having distinct rights and interests which cannot be justly and definitively decided and adjusted in one action at common law. So far as it seeks to recover damages for the nonperformance of the defendant's contract to build and complete the bridge within a time fixed, and of good and durable materials, the interests of the two towns—if the towns are bound by this contract, made in their behalf by the selectmen of each, of which we have no occasion to express any opinion—were the same, and an adequate and complete remedy might be obtained in one action at law. So far as it seeks to recover back money paid by the plaintiff town to the

defendant under a false representation, Hardwick has no interest adverse to the plaintiffs, and no interest whatever.

3. As an action at law, to recover back money paid separately by the plaintiff town to the defendant, under a false representation, this court have no original jurisdiction, the amount so sought to be recovered being under $300, and therefore not sufficient to give this court concurrent jurisdiction with the court of common pleas, under the statute. *St.* 1840, *c.* 87, § 3.

*Demurrer sustained.*